1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT A. GIBBS, | No.  2:20-CV-1957-TLN-DMC |
| Plaintiff, | |
| v. | ORDER |
| SHON NORTHAM, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(A), (B).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the Court determines that it lacks subject matter jurisdiction.  Because Plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

1               Plaintiff names three attorneys, Shon Northham, Ryan Birss, John Carelli, and

2 Shasta County as defendants. See ECF No. 1, pgs. 2-3. Plaintiff generally alleges that the above-

3 mentioned attorneys deliberately suppressed evidence during Plaintiff's criminal trial, which

4 ultimately led to Plaintiff's unwarranted conviction. See id. at 4. Plaintiff further asserts that one

5 of the attorneys made false statements to the court and coerced Plaintiff into an unfair plea

6 bargain. See id. at 4. Plaintiff claims that defendants deprived him of his Fourteenth Amendment

7 due process and equal protection rights, and his Sixth Amendment right to a fair and speedy trial.

8 See id. at 3. Plaintiff claims he suffered harassment and various psychological problems because

9 of his unwarranted incarceration. See id. at 5. Plaintiff seeks a full investigation into defendants'

10 actions, a jury trial, money damages and an overhaul of the Shasta County Conflict Defender's

11 Office. See id. at 5.

12               The Court concludes that it has subject matter jurisdiction and that the complaint is

13 appropriate for service by the United States Marshal without pre-payment of costs.[1]  If Plaintiff

14 desires service of process by the United States Marshal without pre-payment of costs, Plaintiff

15 must comply with the requirements outlined below.  Plaintiff is warned that failure to comply

16 with this order, or otherwise effect service pursuant to Federal Rule of Civil Procedure 4, may

17 result in dismissal of the action for lack of prosecution and failure to comply with court rules and

18 orders.  See Local Rule 110.

19 / / /

20 / / /

21 / / /

22 / / /

23

24        [1]  Given that Plaintiff's claim asserts facts which, if true, would imply the invalidity of an underlying criminal conviction, the favorable termination rule of Heck v. Humphrey, 512

25 U.S. 477 (1994), would seem to apply.  The rule usually bars prisoners from asserting civil rights claims which would imply the invalidity of their convictions unless the conviction has first been set aside or otherwise invalidated.  Here, it appears that Plaintiff is no longer in custody.  What is

26 not clear is whether he still faces collateral consequences of his conviction such that he may still seek habeas relief.  While the Ninth Circuit has held that Heck does not bar suits for plaintiffs

27 who cannot bring habeas actions challenging their convictions, see Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002), four other circuits disagree and the Supreme Court has not clearly addressed

28 the conflict among the circuits.  The Court invites Defendants to develop the record on this issue.

1        Accordingly, IT IS HEREBY ORDERED that:

2        1.     The Clerk of the Court shall issue a summons in a civil case, the

3 undersigned's new case documents, and an order setting this matter for an initial scheduling

4 conference;

5        2.     The Clerk of the Court shall send Plaintiff the summons, four (4) USM-285

6 forms, and a copy of the complaint;

7        3.     Within 15 days from the date of this order, Plaintiff shall complete the

8 summons by indicating the addresses of the named Defendants and shall submit to the United

9 States Marshal at the address indicated below the following documents:

10        a.     The completed summons;

11        b.     One completed USM-285 form for each named Defendant;

12        c.     Five (5) copies of the complaint; and

13        d.     Four (4) copies of the court's initial scheduling conference
order issued herewith;

14

15        4.     Within 20 days of the date of this order, Plaintiff shall file a notice

16 indicating that the documents described above have been submitted to the United States Marshal,

17 or a notice that Plaintiff intends to serve the summons and complaint without assistance from the

18 United States Marshal;

19        5.     If Plaintiff seeks the assistance of the United States Marshal, the United

20 States Marshal is directed to serve all process without pre-payment of costs not later than 60 days

21 from the date of this order, such service of process to be completed by serving a copy of the

22 summons, complaint, and initial scheduling conference order on the Defendants at the addresses

23 provided by Plaintiff; and

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

3

1    6.    The Clerk of the Court is directed to serve a copy of this order on the

2    United States Marshal at 501 "I" Street, Sacramento, CA, 95814.

3

4    Dated:  September 2, 2021

5    _____
     DENNIS M. COTA
6    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4