1
2
3
4
5
6
7
8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ROBERT A. GIBBS,                        No. 2:20-CV-1956-KJM-DMC
                                             No. 2:20-CV-1957-KJM-DMC
12                 Plaintiff,                No. 2:20-CV-1961-KJM-DMC
                                             No. 2:22-CV-0299-KJM-DMC
13          v.

14   JEFF JENS, et al.,

15                 Defendants.               FINDINGS AND RECOMMENDATIONS

16   _____

17   AND RELATED CASES

18

19            Plaintiff, who is proceeding pro se, brings these civil actions, which have been

20   related.  Pending before the Court in Gibbs v. Jens, et al., No. 2:20-CV-1956-KJM-DMC (Gibbs

21   I), are Defendants' motions to dismiss, ECF Nos. 9 and 11, and requests for judicial notice in

22   support thereof, ECF Nos. 10 and 11-2.[1] Pending before the Court in Gibbs v. Northam, et al.,

23   No. 2:20-CV-1957-KJM-DMC (Gibbs II), is Defendant Shasta County's motion to dismiss and

24   request for judicial notice in support thereof, ECF Nos. 11 and 12.[2] Pending before the Court in

25   Gibbs v. Bridgett, et al., No. 2:20-CV-1961-KJM-DMC (Gibbs III), is Defendants' motion to

26   _____

27        [1]     The motions are brought on behalf of Defendants County of Shasta and Conflict
     Defender of Shasta County.  Remaining defendant Jeff Jens has not been served.
          [2]     The remaining named defendants – Northam, Birss, and Carelli – have not been
28   served.

                                             1

1    dismiss and request for judicial notice in support thereof, ECF Nos. 13 and 14.  Plaintiff and

2    counsel for the moving defendants appeared telephonically before the undersigned in Redding,

3    California, for a hearing on April 21, 2022, at 1:30 p.m.[3]  Upon discussion with the parties, the

4    motions in Gibbs I, Gibbs II, and Gibbs III were submitted.

5            Also before the Court is Plaintiff's complaint in Gibbs v. State of California, et al.,

6    No. 2:22-CV-0299-KJM-DMC (Gibbs IV), which the Court is required to screen pursuant to 28

7    U.S.C. § 1915(e)(2).

8            In considering a motion to dismiss, the Court must accept all allegations of

9    material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

10   Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

11   v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

12   738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

13   ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

14   395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

15   factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

16   In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

17   See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Applying these standards under the screening

18   provision of § 1915(e)(2), the court must dismiss a complaint or portion thereof if it: (1) is

19   frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks

20   monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §

21   1915(e)(2)(A), (B).

22           Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

23   of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

24   notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly,

25   550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order

26   to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

---

27   [3]        No appearance was entered on behalf of Defendant Conflict Defender of Shasta
     County in Gibbs I.  The Court has since determined good cause existed for the failure to appear at
28   the hearing.

more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief."  Id. (quoting Twombly, 550 U.S. at 557).

        In screening under § 1915(e)(2) or deciding a motion under Rule 12(b)(6), the Court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

        Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3

# I.  PLAINTIFF'S ALLEGATIONS

### *Gibbs I*

Plaintiff names Jeff Jens, "conflict counsel," and Shasta County as defendants. See ECF No. 1, pg. 2, in <u>Gibbs I</u>.  To date, Defendant Jens has not been served.  Plaintiff generally asserts that Defendants under-represented him at a criminal trial due to their lack of investigation and trial preparation. <u>See id.</u> at 4. Plaintiff alleges that Shasta County failed to properly train and supervise its conflict department resulting in Plaintiff's deprivation of his Sixth and Fourteenth Amendment rights. <u>See id.</u> Because of Defendants' lack of adequate representation, Plaintiff claims he was denied access to forensics experts and a fair trial. <u>See id.</u> Plaintiff claims he was improperly jailed and is now demanding an investigation, a jury trial, damages, a reversal of his prior conviction, and an overhaul of Shasta County's conflict defender office. <u>See id.</u> at 6.

### *Gibbs II*

Plaintiff names three attorneys, Shon Northam, Ryan Birss, John Carelli, and Shasta County as defendants. <u>See</u> ECF No. 1, pgs. 2-3, in <u>Gibbs II</u>.  None of these individuals has been served.  Plaintiff generally alleges that the above-mentioned attorneys deliberately suppressed evidence during Plaintiff's criminal trial, which ultimately led to Plaintiff's unwarranted conviction. <u>See id.</u> at 4. Plaintiff further asserts that one of the attorneys made false statements to the court and coerced Plaintiff into an unfair plea bargain. <u>See id.</u> at 4. Plaintiff claims that defendants deprived him of his Fourteenth Amendment due process and equal protection rights, and his Sixth Amendment right to a fair and speedy trial. <u>See id.</u> at 3. Plaintiff claims he suffered harassment and various psychological problems because of his unwarranted incarceration. <u>See id.</u> at 5. Plaintiff seeks a full investigation into defendants' actions, a jury trial, money damages and an overhaul of the Shasta County Conflict Defender's Office. <u>See id.</u> at 5.

### *Gibbs III*

Plaintiff names as defendants Shasta County District Attorney Stephanie A. Bridgett, Deputy District Attorney Cody Jones, Deputy District Attorney Craig Omura, and the County of Shasta. <u>See</u> ECF No. 1, pgs. 2-3, in <u>Gibbs III</u>. Plaintiff asserts that he was arrested and charged with a crime (that is unknown based on the complaint) and that the Defendants failed, in

1    their capacity as prosecutors, to investigate the case. See id. at 4. According to Plaintiff,

2    Defendants ignored and withheld exculpatory evidence and made false statements to the court.

3    See id. As such, Plaintiff claims Defendants deprived him of due process, the right to a bail

4    hearing, and his right to be free from cruel and unusual punishment. See id. at 3. Plaintiff seeks a

5    jury trial, monetary damages and the reversal of his prior convictions. See id. at 5.

6                    *Gibbs IV*

7                    Plaintiff names as defendants the State of California, Shasta County, and Stephanie

8    Bridgett. See ECF No. 1, pgs. 2-3, in Gibbs IV. Plaintiff states that he was convicted and

9    sentenced for making violent threats, in violation of California Penal Code § 422, which Plaintiff

10   alleges is unconstitutional as applied in his state court criminal case. See id. at 4.

11

12                            **II. DISCUSSION**

13                   In identical motions to dismiss in Gibbs I, Gibbs II, and Gibbs III, Defendant

14   Shasta County (County) argues: (1) Plaintiff's action is foreclosed by Heck v. Humphrey;

15   (2) Plaintiff's action is barred by California's two-year statute of limitations; and (3) Plaintiff fails

16   to state a cognizable claim against a municipal entity under Monell v. Dep't of Soc. Servs.. See

17   e.g. ECF No. 9 in Gibbs I. County has also filed identical requests for judicial notice in support

18   of its motions. See e.g. ECF No. 10 in Gibbs I. In its separate motion to dismiss in Gibbs I,

19   Defendant Conflict Defender of Shasta County (Conflict Defender) also argues that Plaintiff's

20   action is foreclosed by Heck. See ECF No. 11-1. Conflict Defender further contends in Gibbs I

21   that: (1) Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8; and

22   (2) Plaintiff cannot establish the elements necessary under § 1983 because Conflict Defender is

23   not a state actor. See id. Conflict Defender has filed a request for judicial notice in support of its

24   motion in Gibbs I. See ECF No. 11-2 in Gibbs I. Finally, Conflict Defender has filed a joinder in

25   the motion to dismiss filed by County in Gibbs I. See ECF No. 12 in Gibbs I.

26   / / /

27   / / /

28   / / /

5

1    Plaintiff has filed various briefs in opposition to the pending motions.  See ECF

2    Nos. 20, 26, and 27 in Gibbs I, ECF No. 19 in Gibbs II, and ECF No. 20 in Gibbs III.

3    **A.**      **Applicability of _Heck_**

4        The dispositive issue in all four related cases – which is argued in the pending

5    motions to dismiss in Gibbs I, Gibbs II, and Gibbs III – is whether Plaintiff's claims are barred by

6    the favorable termination rule announced in Heck v. Humphrey.

7        As a general rule, when a state prisoner challenges the legality of his custody and

8    the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a

9    challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a

10   petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also

11   Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583,

12   586 (9th Cir. 1995) (per curiam).  More broadly, where a § 1983 action seeking monetary

13   damages or declaratory relief alleges constitutional violations which would necessarily imply the

14   invalidity of an underlying conviction or sentence, or the result of a prison disciplinary hearing

15   resulting in imposition of a sanction affecting the overall length of confinement, such a claim is

16   not cognizable under § 1983 unless the conviction or sentence has first been invalidated on

17   appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S.

18   477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to

19   malicious prosecution action which includes as an element a finding that the criminal proceeding

20   was concluded in plaintiff's favor).

21       On September 2, 2021, the Court determined Plaintiff's complaints in Gibbs I,

22   Gibbs II, and Gibbs III were appropriate for service.  See e.g. ECF No. 4 in Gibbs I.  In doing so,

23   the Court noted:

24           Given that Plaintiff's claim asserts facts which, if true, would
         imply the invalidity of an underlying criminal conviction, the favorable
25       termination rule of Heck v. Humphrey, 512 U.S. 477 (1994), would seem to
         apply. The rule usually bars prisoners from asserting civil rights claims which
26       would imply the invalidity of their convictions unless the conviction has first
         been set aside or otherwise invalidated. Here, it appears that Plaintiff is no
27       longer in custody. What is not clear is whether he still faces collateral
         consequences of his conviction such that he may still seek habeas relief.
28       While the Ninth Circuit has held that Heck does not bar suits for plaintiffs

                                          6

who cannot bring habeas actions challenging their convictions, see Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002), four other circuits disagree and the Supreme Court has not clearly addressed the conflict among the circuits. The Court invites Defendants to develop the record on this issue.

Id. at 2, n.1.

Defendants' pending motions in Gibbs I, Gibbs II, and Gibbs III accept the Court's invitation and

address this dispositive question, which the Court also considers in screening Gibbs IV.

As to the applicability of Heck to these cases, Defendants collectively contend:

(1) Nonnette v. Small is inapplicable; and (2) Plaintiff has had every opportunity to challenge his

various state court criminal convictions and has failed in every attempt.  See e.g. ECF No. 9, pgs.

15-22, in Gibbs I.

After outlining the facts and holding in Nonnette, Defendants argue:

Indeed, were the rule in *Nonnette* applied in any circumstances where a prisoner has completed their term of confinement, Heck's strict bar would become illusory, and any prisoner could bring a 1983 claim that necessarily implied the invalidity of their conviction by simply bringing suit after they have been released.

As the Ninth Circuit and other courts have repeatedly stated, this is not the law, and *Nonnette* stands for a narrow and strictly applied exception available to former inmates challenging loss of "good-time" credits and similar, an exception not applicable when a former prisoner (like Plaintiff) brings claims that challenge their underlying conviction. *See, e.g., Guerrero v. Gates*, 442 F.3d 697, 704 (9th Cir. 2006) ("The fact that Guerrero is no longer in custody and thus cannot overturn his prior convictions by means of habeas corpus does not lift Heck's bar. . . . [W]e emphasized that Nonnette's relief from Heck 'affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters,' not challenges to an underlying conviction such as those Guerrero brought."); *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1192 (9th Cir. 2015) ("Cortez's case is more akin to *Guerrero* than to *Nonnette* . . . *Nonnette's* relief from Heck affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters, not challenges to an underlying conviction. We are not an alternative forum for challenging his conviction.") (internal citations omitted); *Ewing v. Superior Ct. of California*, 90 F. Supp. 3d 1067, 1074 (S.D. Cal. 2015) ("[T]he Ninth Circuit emphasized that its *Nonnette* exception to *Heck* affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters, and distinguishes prisoners seeking to challenge their underlying convictions or sentences.") (internal citations omitted); *Puente Arizona v. Arpaio*, 2017 WL 1133012, at *16 (D. Ariz. Mar. 27, 2017) (same); *Rouse v. Conner*, 2012 WL 2368464, at *10 (N.D. Cal. June 21, 2012) ("Here, by contrast, Rouse was free to pursue both direct appeal and habeas relief—which he did, but to no avail. Having failed to invalidate his conviction through those channels, he cannot now

7

seek to accomplish the same end by asserting claims of constitutional violations under § 1983. Indeed, the court in *Nonnette* noted that its decision provided relief from *Heck* only for former prisoners challenging loss of good-time credits, revocation of parole, or similar matters, not challenges to an underlying conviction such as Rouse brings here.") (internal citations omitted); *Rodriguez v. Kwok*, 2014 WL 2110256, at *3 (N.D. Cal. May 20, 2014) ("Here, plaintiff's claims challenge his underlying conviction, not the loss of good-time credits or revocation of parole. Therefore, the narrow exception from *Nonnette* does not apply to his circumstances. Accordingly, all of the claims in the SAC are barred by Heck."); *Green v. Delgado*, 2015 WL 5555851, at *6 (E.D. Cal. Aug. 21, 2015) ("*Guerrero* reiterated also that *Nonette* applies only to cases in which former prisoners are challenging loss of good-time credits, revocation of parole or similar matters. Here, Plaintiff admits that he took no action to have the disciplinary decision reversed and, at the hearing, his counsel admitted that the decision to do so was tactically motivated because he felt the outcome would be more favorable in a § 1983 action. Under Guerrero, this is insufficient. Likewise, Plaintiff is not challenging the loss of the good-time credits, a revocation of parole or the like.") (internal citations omitted). Plaintiff expressly challenges the fact of his conviction and conferment, and his claims are barred by *Heck*.

E.g. ECF No. 9, pgs. 18-20, in Gibbs I.

Defendants' argument is persuasive. It is clear that Nonnette stands for the narrow exception to the applicability of Heck where the plaintiff challenges the loss of good-time credits and can no longer seek collateral review because he has been released from prison. Unlike Nonnette, Plaintiff's four cases challenge the fact of an underlying conviction, not the way his sentence was calculated. Here, as discussed more specifically below, Plaintiff alleges facts in each of the four related cases which, if true, would necessarily imply the invalidity of a state court criminal conviction as to which Plaintiff has not obtained a favorable termination.

In Gibbs I, Plaintiff claims that he was under-represented at his state court criminal trial due to his appointed counsels' lack of preparation and failure to investigate. In this regard, Plaintiff contends Defendant County failed to properly train and/or supervise attorneys with Defendant Conflict Defender, resulting in deprivation of his Sixth Amendment right to the effective assistance of counsel. Plaintiff asserts that he was denied a fair criminal trial and seeks a reversal of his prior state court criminal conviction.

/ / /

/ / /

/ / /

8

1    In Gibbs II, Plaintiff alleges that the individual defendants named in that case, who

2  were his appointed counsel, deliberately suppressed evidence during his state court criminal trial,

3  resulting in Plaintiff's improper conviction.  Plaintiff further asserts that one of his attorneys lied

4  to the court and coerced Plaintiff into accepting an unfair plea bargain.  As with Gibbs I, Plaintiff

5  alleges a violation of his Sixth Amendment right to counsel.

6    In Gibbs III, Plaintiff alleges that the deputy district attorneys assigned to his state

7  court prosecution failed to properly investigate his case, withheld exculpatory evidence, and made

8  false statements to the court.  Plaintiff claims he was denied due process and seeks a reversal of

9  his prior conviction.

10    In Gibbs IV, which is before the Court for statutory screening under 28 U.S.C. §

11  1915(e)(2), Plaintiff claims that the state law under which he was convicted – California Penal

12  Code § 422, which prohibits making threats to commit a crime which would result in death or

13  great bodily injury – is unconstitutional as it was applied in his state court criminal case.

14    Plaintiff's claims in Gibbs I and Gibbs II implicate the adequacy of his

15  representation under the Sixth Amendment.  If true, the claims in both cases would necessarily

16  imply the invalidity of an underlying state court criminal conviction due to ineffective assistance

17  of counsel.  As such, the claims are Heck-barred.  Similarly, Plaintiff's claim in Gibbs III, if true,

18  necessarily implies the invalidity of a state court criminal conviction due to failure to provide

19  exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).  Plaintiff's claim in

20  Gibbs III is, thus, also Heck-barred.  Finally, the Court finds that Plaintiff's claim in Gibbs IV

21  that California Penal Code § 422 is unconstitutional as it was applied in his state court criminal

22  case also implies the invalidity of Plaintiff's state court conviction for violating that statute and is

23  Heck-barred.

24    All four related actions should be dismissed in their entireties with prejudice.

25  / / /

26  / / /

27  / / /

28  / / /

**B.      Remaining Arguments in *Gibbs I*, *Gibbs II*, and *Gibbs III***

County also argues Plaintiff's claims in <u>Gibbs I</u>, <u>Gibbs II</u>, and <u>Gibbs III</u> are barred by the statute of limitations and that Plaintiff fails to state facts sufficient to establish municipal liability.[4]  In <u>Gibbs I</u>, Conflict Defender argues: (1) Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8; and (2) Plaintiff cannot establish the elements necessary under § 1983 because Conflict Defender is not a state actor.

1.      <u>Statute of Limitations</u>[5]

For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions.  <u>See</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 387-88 (2007); <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions."); <u>Jackson v. Barnes</u>, 749 F.3d 755, 761 (9th Cir. 2014); <u>Wilson v. Garcia</u>, 471 U.S. 261, 280 (1985); <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 627 (9th Cir. 1988).  In California, there is a two-year statute of limitations for personal injury actions such as § 1983 cases.  <u>See</u> Cal. Civ. Proc. Code § 335.1; <u>Maldonado v. Harris</u>, 370 F.3d 945, 954 (9th Cir. 2004).

State tolling statutes also apply to § 1983 actions.  <u>See</u> <u>Hardin v. Straub</u>, 490 U.S. 536, 543-44 (1998).  California Civil Procedure Code § 352.1(a) provides tolling of the statute of limitations for two years when the plaintiff is, at the time the cause of action accrued, an inmate serving less than a life sentence.  <u>See</u> Cal. Code. Civ. P. 352.1(a).  This tolling provision applies to all inmates except those sentenced to life without the possibility of parole.  <u>See</u> <u>Brooks v. Mercy Hospital</u>, 204 Cal. Rptr.3d 289, 291-92 (Cal. App. 2016) (holding § 352.1(a) is applicable to prisoners serving a sentence of life with the possibility of parole, but the statutory language excludes those sentenced to life without the possibility of parole).  Thus, unless an inmate is serving a sentence of life without the possibility of parole, a four-year limitation period applies.

/ / /

---

[4]      These arguments are also asserted on behalf of the individual County employee defendants in <u>Gibbs III</u>.

[5]      The Court does not sua sponte consider the applicability of the statute of limitations upon screening of Plaintiff's complaint in <u>Gibbs IV</u>, which is otherwise barred by <u>Heck</u>, as discussed above.

Notwithstanding the application of the forum's state law regarding the statute of limitations, including statutory and equitable tolling, in the context of a § 1983 action, it is "federal law" which "governs when a claim accrues." Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir.1994)). "A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." Id. (citing Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996)); see also TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

According to Defendant County:

> If, for some reason, the *Heck* bar is determined to be inapplicable, Plaintiff's last claims accrued no later than the time of his conviction and sentencing, and the theoretical applicability of the Heck bar did not toll the running of the statute of limitations. *See Mills v. City of Covina*, 921 F.3d 1161, 1168 (9th Cir.) ("[W]e find that where, as here, a § 1983 claim accrues pre-conviction, the possibility that Heck may require dismissal of that not-yet-filed, and thus utterly indeterminate, § 1983 claim, is not sufficient to trigger tolling under California Code of Civil Procedure § 356. In such circumstances, it is not known whether the claim is barred by *Heck* until the claim is filed and the district court determines that it will impugn an extant conviction. Until that determination is made, a plaintiff is not legally prevented from taking action to protect his rights.") (internal citations omitted); *Trimble*, 49 F.3d at 585–86. . . .

E.g. ECF No. 9, pg. 23, in Gibbs I.

Applying a two-year limitations period, Defendant County contends:

> Plaintiff's Complaint is unclear, but alleges that the events giving rise to his claim occurred starting in December of 2012. To the extent Plaintiff intended to bring claims based on any conduct that occurred before September 30, 2018, those claims are untimely.

Id. at 24.

In Gibbs I, Plaintiff alleges that the conduct of Shasta County and its Conflict Defender deprived him of his rights to effective assistance of counsel and due process in the context of his "criminal matters." ECF No. 1, pg. 4, in Gibbs I.   As to when the events giving rise to his claims occurred, Plaintiff states: "2012-ONGOING." Id.  While the complaint suggests multiple criminal cases (Plaintiff used the word "matters"), and while Plaintiff does not identify any specific criminal cases, his statement of injuries is illuminating.  In his statement of injuries, Plaintiff clearly and repeatedly references a single criminal case.  See id. at 5.  Plaintiff states that

11

1   he was jailed for three-and-one-half years because he had been "coerced into <u>a</u> multi-felony

2   multi-strike plea <u>agreement</u>. . . ." <u>Id.</u> (emphasis on singular pronouns/nouns added).  Plaintiff

3   further states that none of his attorneys "would prepare my <u>case</u> to trial. . . ." <u>Id.</u> (emphasis on

4   singular noun added).  Finally, Plaintiff alleges that Defendants' conduct caused him to "suffer <u>an</u>

5   undeserved <u>conviction</u>. . . ." <u>Id.</u> (emphasis on singular pronouns/nouns added).

6          As to when the events giving rise to his claims in <u>Gibbs I</u> occurred, Plaintiff states:

7   "2012-ONGOING." <u>Id.</u> at 4.  Given that Plaintiff's allegations, when taken as a whole, indicate

8   he is challenging a single conviction, his claims accrued at the latest when Plaintiff became aware

9   of that conviction.  Plaintiff does not, however, state in the complaint when he was convicted.

10  And Defendants' motions provide no further insight.  Though Defendants have provided the

11  Court with numerous appropriately noticed records from Plaintiff's other cases in the Eastern

12  District of California, Defendants do not provide any documents related to Plaintiff's various

13  state court criminal cases upon which this Court would be able to accurately piece together

14  Plaintiff's state court criminal court history.

15         Defendants also provide no analysis regarding the applicability of statutory tolling

16  which might result in a four-year limitation period if Plaintiff was incarcerated at the time his

17  claims accrued – whenever that was.  This issue is further clouded by the lack of analysis because

18  it appears from the court documents provided by Defendants that Plaintiff was in and out of

19  custody over an extended period of time.

20         The Court finds that Defendants simply have not met their burden of

21  demonstrating that Plaintiff's claims in <u>Gibbs I</u> are time-barred under a two-year statute of

22  limitations.

23         In <u>Gibbs II</u>, Plaintiff alleges that the specific attorneys appointed to represent him

24  by the Shasta County Conflict Defender failed to provide him constitutionally inadequate

25  representation.  <u>See</u> ECF No. 1 in <u>Gibbs II</u>.  As with <u>Gibbs I</u>, Plaintiff in <u>Gibbs II</u> references a

26  single state court criminal case.  <u>See id.</u>  Specifically, Plaintiff states in both cases that he was

27  incarcerated for three-and-one-half years.  <u>See id.</u> at 5.  As to when his claims in <u>Gibbs II</u>

28  accrued, Plaintiff cryptically alleges, as with <u>Gibbs I</u>: "2015-ONGOING." <u>Id.</u> at 4.  And, as with

12

Gibbs I, the Court finds that Defendants have not met their burden of establishing that Plaintiff's claims in Gibbs II are time-barred under a two-year statute of limitations, let alone a more generous four-year limitation period.  The complaint in Gibbs II is bereft of facts and Defendants' motions are bereft of analysis.

In Gibbs III, Plaintiff sues various Shasta County deputy district attorneys who prosecuted his state court criminal cases.  See ECF No. 1.  As with Gibbs I and Gibbs II, Plaintiff does not indicate any specific criminal case or provide any dates other than alleging that the facts giving rise to his claims occurred "DECEMBER 2012-AUGUST 2020."  Id. at 4.  Absent further facts alleged or judicially noticeable, and absent an analysis of such facts to the applicable law, Defendants' motions fail to establish that Plaintiff's claims in Gibbs III are time-barred.

The Court has carefully considered the various oppositions briefs filed by Plaintiff.  Plaintiff does not, however, reference any specific identifiable state court criminal cases or dates in his various opposition filings, which are, therefore, not helpful in determining the applicability of the statute of limitations in any of the three cases filed in 2020.  For their part, Defendants' counsel acknowledged the weakness of the statute of limitations argument at the hearing by conceding that their motions rely on the Heck-bar.

Defendants' motions to dismiss should be denied insofar as they argue Plaintiff's actions in Gibbs I, Gibbs II, and Gibbs III are barred by California's two-year statue of limitations applicable to § 1983 actions.

2.   Municipal Liability

Municipalities and other local government units, like Defendant County, are among those "persons" to whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert

13

1    municipal liability, therefore, the plaintiff must allege that the constitutional deprivation

2    complained of resulted from a policy or custom of the municipality. See id.

3            Defendant County asserts Plaintiff's complaints in Gibbs I, Gibbs II, and Gibbs III

4    must be dismissed because Plaintiff fails to allege a failure to train and because Plaintiff fails to

5    allege either a policy or custom. The Court finds that it is unnecessary to consider this argument

6    because the result would be the same no matter what the Court concludes. If the Court

7    determines that Plaintiff's complaints sufficiently plead facts to establish municipal liability, the

8    cases would nonetheless be barred by Heck for the reasons discussed above. If the Court finds

9    that the complaints fail to sufficiently plead Monell liability, amendment would be futile because

10   the cases are Heck-barred.

11           3.    Rule 8

12           The Federal Rules of Civil Procedure require that complaints contain a ". . . short

13   and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

14   8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v.

15   Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are

16   satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds

17   upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff

18   must allege with at least some degree of particularity overt acts by specific defendants which

19   support the claims, vague and conclusory allegations fail to satisfy this standard. Ivey v. Board of

20   Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to

21   each defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844

22   F.2d 628, 634 (9th Cir. 1988).

23           In Gibbs I, Defendant Conflict Defender argues:

24           Plaintiff's Complaint does not comply with Rule 8 and does not set
             forth the specific facts detailing the alleged wrongdoing of Defendant
25           Conflict Defender. Instead, Plaintiff lumps all the Defendants together and
             alleges in a conclusory fashion that they, collectively, engaged in the
26           alleged wrongful conduct. ECF 1, Complaint, pp. 3-6. Nowhere has
             Plaintiff alleged facts demonstrating an entitlement to relief from
27           Defendant Conflict Defender. Plaintiff failed to set forth any specific facts
             directed to Defendant Conflict Defender so that it could know and defend
28

14

against the claims asserted against it. Plaintiff does not even attempt to set forth facts detailing exactly what Defendant Conflict Defender did, or did not do, or how what Defendant Conflict Defender did, or did not do, caused him any harm. Plaintiff also fails to identify the dates of Defendant Conflict Defender alleged wrongful conduct. In short, Plaintiff's failure to set forth any such facts pertaining to Defendant Conflict Defender warrants the dismissal of Plaintiffs complaint.

ECF No. 11-1, pgs. 9-10, in <u>Gibbs I</u>.

Defendant Conflict Defender adds:

. . .[T]he complaint is devoid of any mention of Defendant Conflict Defender. This is fatal to Plaintiff s claim and requires a dismissal of Plaintiffs complaint.

<u>Id.</u> at 10.

Defendant Conflict Defendant is only mentioned in the complaint insofar as Plaintiff alleges Defendant Jens – who remains unserved – was a supervising attorney with that entity during the times relevant to the complaint, and Plaintiff request for relief wherein he seeks an investigation and "overhaul" of Defendant Conflict Defender.  <u>See</u> ECF No. 1, pgs. 1, 5. Other than these two references, the complaint does not set forth any allegations as to Defendant Conflict Defender, in violation of Rule 8.

In any event, despite the Rule 8 violations throughout Plaintiff's complaint in <u>Gibbs I</u>, leave to amend would be futile because the case is <u>Heck</u>-barred.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

*Gibbs I* (No. 2:20-CV-1956-KJM-DMC)

1.      Defendants' requests for judicial notice, ECF Nos. 10 and 11-2, be granted;

2.      Defendants' motions to dismiss, ECF Nos. 9 and 11, be granted in part and denied in part; and

3.      This action be dismissed in its entirety with prejudice as <u>Heck</u>-barred.

/ / /

/ / /

/ / /

*Gibbs II* (No. 2:20-CV-1957-KJM-DMC)

    4.      Defendant's request for judicial notice, ECF No. 12, be granted;

    5.      Defendant's motion to dismiss, ECF No. 11, be granted in part and denied in part; and

    6.      This action be dismissed it its entirety with prejudice as <u>Heck</u>-barred.

*Gibbs III* (No. 2:20-CV-1961-KJM-DMC)

    7.      Defendants' request for judicial notice, ECF No. 14, be granted;

    8.      Defendants' motion to dismiss, ECF No. 13, be granted in part and denied in part; and

    9.      This action be dismissed in its entirety with prejudice as <u>Heck</u>-barred.

*Gibbs IV* (No. 2:22-CV-0299-KJM-DMC)

    10.      This action be dismissed in its entirety with prejudice as <u>Heck</u>-barred.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 7, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE